# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

LUZ I. CARABALLO CORDERO, et. al.  *
                                     *

       Plaintiffs                   *
                                     *     **Civil No. 98-1837(SEC)**

          v.                *
                                     *

BANCO FINANCIERO DE PUERTO   *
RICO, et. al.                       *
                                     *

       Defendants                  *
**********************************

RECEIVED & FILED
MAR 3 1 2000
OFFICE CLERK, U.S. DISTRICT
SAN JUAN, P.R.

## OPINION AND ORDER

Pending before the Court is co-defendants Aladino Irizarry-Santiago, Hiram Mercado-Zayas, and Héctor Rodríguez-Muñoz's motion to dismiss. **(Docket #20)**. This motion was opposed by Plaintiffs, **(Docket #29)**, and the defendants filed a reply brief. **(Docket #34)**. After reviewing these documents in conjunction with others in the record, Co-defendants' motion to dismiss, **(Docket #20)**, is **GRANTED IN PART AND DENIED IN PART.**

## I.    Procedural Facts

Plaintiffs filed the complaint in the above-referenced case on July 20, 1998. (Docket #1). Plaintiffs are Luz I. Caraballo Cordero, her husband Jorge I. Mercado Caraballo, their daughters Rosa M. Mercado and Ivette M. Mercado, and their son, Jorge I. Mercado Caraballo, II. Plaintiffs are suing the "Banco Financiero de Puerto Rico" (hereinafter "the Bank"), among other co-defendants including police officers from the Puerto Rico Police, for an alleged conspiracy to illegally obtain possession of a certain vehicle property of Plaintiff Luz I. Caraballo in connection with a disputed debt allegedly owed by Luz I. to the Bank.



<u>Civil No. 98-1837(SEC)</u>                                                                                    2

On July 13, 1999, co-defendants Aladino Irizarry-Santiago, Hiram Mercado-Zayas, and Héctor Rodríguez-Muñoz, all Puerto Rico Police Officers, filed a motion to dismiss alleging that: (1) All plaintiffs with the exception of Luz I. Mercado Caraballo lack standing to sue under 42 U.S.C.A. § 1983; (2) Plaintiffs have failed to state a claim against co-defendant Hiram Mercado Zayas; (3) Plaintiffs have failed to state a conspiracy claim under 42 U.S.C.A. § 1983; (4) Plaintiffs have failed to state a claim under 42 U.S.C.A. § 1985; and (5) Pendent state-claims should also be dismissed. (Docket #20, Defendant's Motion to Dismiss, p. 2)

Plaintiffs opposed co-defendants motion to dismiss alleging that: (1) Relatives of a proper Plaintiff under § 1983 may join their state law claims under the supplemental jurisdiction of the Federal Court; (2) Plaintiff's allegations against co-defendant Mercado clearly show a "callous indifference" in his supervisory capacity, which is actionable under § 1983; (3) From the sequence of events narrated in the complaint, any reasonable person would understand a suggestion of a unity of purpose, a common design and understanding, or meeting of minds, in an unlawful agreement to violate Plaintiffs' civil rights; (4) co-defendants' arguments regarding § 1985 must fail for the reasons just stated in (3) above; (5) In view of the merits of Plaintiffs' federal question claims, supplemental jurisdiction should be exercised. (Docket #29, Plaintiff's Opposition to Motion to Dismiss, at pp. 1-2).

## II.     Analysis of Applicable Law

### A.     Motion to Dismiss Standard

In assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns

facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins. Co.,

142 F.3d 507, 508 (1st Cir. 1998) (citations omitted).  "[A] complaint should not be dismissed for

failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46

(1957), quoted in Davis v. Monroe County Bd. of Education, 119 S. Ct. 1661, 1676 (1999). See also

Correa-Martínez v. Arrillaga-Beléndez, 903 F.2d 49, 52 (1st Cir. 1990) (dismissal for failure to state

a claim is warranted "only if it clearly appears, according to the facts alleged, that the plaintiff cannot

recover on any viable theory").

        But "[a]lthough this standard is diaphanous, it is not a virtual mirage." Berner v.

Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515

(1st Cir. 1988)).   In order to survive a motion to dismiss, "a complaint must set forth 'factual

allegations, either direct or inferential, respecting each material element necessary to sustain

recovery under some actionable legal theory.'" Id. In judging the sufficiency of a complaint, courts

must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable

conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be

credited, but the latter can safely be ignored." LaChapelle, 142 F.3d at 508 (quoting Aulson v.

Blanchard, 83 F.3d 1, 3 (1st Cir.1996)). See also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999).

Courts, moreover, "will not accept a complainant's unsupported conclusions or interpretations of

law." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir.

1993).  Yet courts must bear in mind that apart from allegations of civil rights or RICO violations,

fraud, mistake or standing, which are not implicated here, "it is enough for a plaintiff to sketch an

actionable claim by means of a generalized statement of facts from which the defendant will be able

Civil No. 98-1837(SEC)                                                                                    4

to frame a responsive pleading." <u>Langadinos v. American Airlines, Inc.</u>, 199 F.3d 68 (1st Cir. 2000),

2000 WL 1998, at *4 (quoting <u>Garita Hotel Ltd. Partnership v. Ponce Fed. Bank</u>, 958 F.2d 15, 17

(1st Cir. 1992) (internal quotation. marks omitted)).  In so doing, "a plaintiff can make allegations

*either* on the basis of personal knowledge or on 'information and belief.'" <u>Id.</u> at *5.

According to this standard then, the Court will examine whether the complaint at bar

sufficiently pleads a cause of action for civil rights.  The facts alleged by Plaintiffs indicate that the

Bank filed a complaint against Luz I. Caraballo in the Municipal Court of Puerto Rico, Ponce Part,

on June 1, 1995, for failure to comply with the terms and conditions of a purchase and sales contract

of a 1989 Isuzu Trooper motor vehicle.  Apparently, this action was subsequently dismissed without

prejudice on August 4, 1995 through a motion for voluntary dismissal filed by the Bank.  On

December 28, 1995, the Bank filed a second complaint against Luz I. Caraballo, her husband, and

their conjugal partnership for breach of contract and delinquency in their payment schedule.  While

this case was pending, Officer Irizarry allegedly alerted Plaintiffs to the fact that a warrant was issued

for the arrest of Ms. Luz I. Caraballo in connection with the contested debt. (Docket #1, Complaint

¶ 23).  Plaintiffs allegedly verified Ms. Luz I. Caraballo's file with the police, yet they did not find

evidence that a warrant for her arrest had been issued.  When they asked Officer Irizarry about this,

he became reluctant to disclose any other information. (Docket #1, Complaint ¶ 23).

Plaintiffs further allege that on or about May 7, 1997, several police officers started

to inquire among Plaintiffs' family members about the Plaintiffs' whereabouts and that around the

same time, several police officers, accompanied by one Mr. Jiménez, a Bank Officer, "entered the

private property where the Plaintiffs' residence is located, without a search warrant... [and that]

[u]pon information and belief, among [the police officers involved was] Officer Irizarry." (Docket

#1, Complaint ¶ 24). On or about May 8, 1997, Plaintiffs went to the police station to find out

whether there was an arrest warrant issued against any of them, and again, none was found. (Docket

#1, Complaint ¶ 25).

Plaintiffs allege that at that time, they spoke to Commander Héctor Rodríguez-Muñoz,

Director of the Southern Region Police Department of Puerto Rico and co-defendant in this case, and

that they told him what had happened. Allegedly, he assured Plaintiffs "that the events were highly

abnormal because police officers were not authorized to work as collection agents,... that they would

look into the officers' conduct... and to contact them if they had any more problems." (Docket #1,

Complaint ¶ 25). Meanwhile, allegedly unbeknownst to plaintiffs, on July 18, 1997 the police

finally obtained a warrant for the arrest of Ms. Luz I. Caraballo for allegedly hiding a vehicle that

guaranteed a debt for the previous two years. (Docket #1, Complaint ¶ 28). On August 1, 1998

Plaintiff Luz I. Mercado was arrested by the Police of Puerto Rico. Plaintiffs claim that the alleged

facts caused them severe physical and mental distress due to the attacks on their honor, reputation

and constitutional rights.

Specifically, in regards to co-defendant Héctor Rodríguez-Muñoz, Plaintiffs allege

that he is the Chief Director of the Southern Region Police Department of Puerto Rico and that as

such, he "is responsible for inadequate training and supervision of the police officers under his

command, and for knowledge of the conduct engaged in by his subordinates, which posed an

unreasonable risk of injury to the plaintiffs." (Docket #1, Complaint ¶ 10). The complaint also

alleges that he was personally notified of the possibility of unlawful conduct committed by some of

his subordinates and that he failed to take any further action in that regard. (Docket #1, Complaint

¶ 25).

Civil No. 98-1837(SEC)                                                                                      6

   Regarding co-defendant Hiram Mercado-Zayas, the complaint alleges that he was "chief of the division of stolen vehicles, had knowledge of the conduct engaged in by his subordinates, and that it posed an unreasonable risk of injury to the plaintiffs along with the violation of their civil rights." (Docket #1, Complaint ¶ 15). However, no other reference is made to his involvement with the facts alleged in the complaint.

   Finally, in regards to co-defendant Aladino Irizarry, the complaint alleges that he "was involved in the illegal investigation and detention by arrest of plaintiff Caraballo, as well as covering up information which might have been useful to the clarification of the case, and willfully conspiring, along with the Bank, to intimidate, harm and publicly slander the Plaintiff's reputation by actions that clearly violated their civil rights." (Docket #1, Complaint ¶ 16). In addition, Plaintiffs allege that he was personally involved with the facts of the case and they make reference to his personal involvement with the alleged investigation, harassment and finally, the arrest of Plaintiff Luz I. Caraballo.

**B.**  **Standing to Sue Under 42 U.S.C.A. § 1983**

   Section 1983 of Title 42 of the United States Code provides that any person who acting under color of state law, causes a deprivation of any rights, privileges or immunities secured by the Constitution or the laws of the United States to any other person, shall be liable to the party so injured in an action at law, equity or other proceeding for redress. 42 U.S.C.A. § 1983. The First Circuit Court of Appeals has stated that **the action created under this section is a personal action** in the sense that the plaintiff must have suffered the alleged deprivation of constitutional or federal rights in his or her own person. Judge v. City of Lowell, 160 F.3d 67, 76 n. 15 (1st Cir. 1998); Soto v. Carrasquillo, 878 F.Supp. 324, 327 (D.P.R. 1995) (Laffite, J.) ("Only the person towards whom

the state action was directed, and not those individuals incidentally affected, may bring a section 1983 action for a violation of due process rights."); Carmona-Pacheco v. Betancourt y Lebrón, 820 F.Supp. 45, 46 (D.P.R. 1993) (Fusté, J.) ("To maintain an action under section 1983, claimants must allege that their personal constitutional rights have been violated in some manner"); See also Cook & Sobieski, Civil Rights Actions ¶ 7.07 (Matthew Bender 1999). Therefore, the vindication of third party rights is generally not recognized under 42 U.S.C.A. § 1983. Quiles Ex Rel. Proj. Head Start v. Hernández Colón, 682 F. Supp. 127, 129 (D.P.R. 1988) (Pieras, J.) ("One person may not sue, nor recover damages, for the deprivation of another persons's civil rights.") (citations omitted).

        In addition, the First Circuit Court of Appeals has held that a plaintiff may assert a cause of action under 42 U.S.C.A. § 1983 for the violation of a right to familial associational privacy, but he or she may do so only in those cases in which the state action complained of was directly aimed at the familial relationship. Manarite v. City of Springfield, 957 F.2d 953, 960 (1st Cir. 1992); citing Ortiz v. Burgos, 807 F.2d 6 (1st Cir. 1986) and Pittsley v. Warish, 927 F.2d 3 (1st Cir. 1991).

        In this case, the person against whom the alleged unconstitutional actions were directed was Ms. Luz I. Caraballo, who was the person arrested by the Puerto Rico Police for allegedly hiding a vehicle that was the guarantee of an uncollectible debt. In addition, Ms. Luz I. Caraballo's husband, Mr. Jorge I. Mercado-Caraballo, might be considered a proper plaintiff under 42 U.S.C.A. § 1983, because he and the conjugal partnership composed by him and Ms. Luz I. Caraballo were also liable for the debt in question, and in addition, the complaint alleged that both he and Ms. Caraballo were harassed by the Bank and the police officers sued in the above-referenced case.

In addition, Plaintiffs claim that both Mr. Mercado-Caraballo's claims and the children's claims, arise under Commonwealth Law and that they can be entertained by this Court pursuant to this Court's supplemental jurisdiction. (Docket #29, Plaintiffs' Opposition ¶ 3.3). The Court agrees with Plaintiffs' reasoning. See Carmona-Pacheco v. Betancourt y Lebrón, 820 F.Supp. 45, 46 (D.P.R. 1993) (Fusté, J.) ("The only right which a family member might assert in a situation such as this one is that of the right to familial associational privacy, which is a liberty interest protected under the substantive due process clause of the fourteenth amendment... This does not mean, however, that under the state claims which [plaintiffs] have asserted, the[y] have no cause of action. However, if the federal cause of action fails, the court has the discretion of dismissing the state law cause of action without prejudice.") Therefore, the Court shall retain jurisdiction over the state law claims raised by these plaintiffs since they arise from the same nucleus of operative facts asserted by Ms. Luz I. Caraballo in the complaint at bar, and the goals of judicial economy and efficiency are served. Carmona-Pacheco, 820 F.Supp. at 47. However, if the federal claims should fail, Plaintiffs' supplemental jurisdiction claims will be dismissed. Carmona-Pacheco, 820 F.Supp. at 46.

**C.    Supervisory Liability Under 42 U.S.C.A. § 1983**

Co-defendants' motion alleges in their second ground for dismissal, that the complaint fails to state a claim against Puerto Rico Police Officer Hiram Mercado Zayas (hereinafter "Mercado"). Plaintiffs identify Officer Mercado in the complaint as Chief of the Stolen Vehicles Division of the Police of Puerto Rico. However, the defendants correctly point out that this is the only allegation contained in the complaint against Officer Mercado. Plaintiffs allege no personal

involvement from his part in the alleged deprivation of Plaintiffs' rights and therefore, any liability against Officer Mercado would have to be predicated upon supervisory liability.

In this regard, the Court notes that in order to establish a cognizable claim under §1983, plaintiffs must not only demonstrate that the defendants, acting under color of law, deprived them of a federally protected right, but **they must also prove that these defendants were personally involved** in such a violation. See, e.g., Gómez v. Toledo, 446 U.S. 635 (1980); Hudson v. Palmer, 468 U.S. 517 (1984); Pinto v. Jiménez Nettleship, 737 F.2d 130 (1st Cir. 1984). See also Rodríguez-Cirilo v. García, 115 F.3d 50 (1st Cir. 1997). Moreover, the First Circuit has emphasized that § 1983 imposes a causation requirement similar to that of ordinary tort law. Rodríguez Cirilo, 115 F.3d at 52, referring to Gutiérrez-Rodríguez v. Cartagena, 882 F.2d 553, 561 (1st Cir. 1989). The mere allegation of harm, however, does not amount to satisfying the causation requirement of a § 1983 claim. See Sullivan v. Carrick, 888 F.2d 1, 4 (D.P.R. 1989) (citing Gordon v. Warren Consol. Bd. of Educ., 706 F.2d 778, 780 (1st Cir. 1983).

In addressing the issue of supervisory liability within the context of §1983 cases, the United States Supreme Court has declined to find causation where the alleged liability stems merely from an employment relationship; City of Oklahoma v. Tuttle, 471 U.S. 808, 818 (1985). The courts cannot impose supervisory liability in section 1983 cases under the doctrine of *respondeat superior*. Monell v. Department of Social Services, 436 U.S. 658 (1978). Following this lead, the First Circuit has emphasized that supervisors may only be found liable on the basis of their own acts or omissions. Gutiérrez Rodríguez, 882 F.2d at 562. Thus, it has held that in order for a supervisor to be found liable under §1983, a plaintiff must show: (1) that the supervisor's own acts or omissions deprived plaintiff of a constitutionally protected right; (2) that his "conduct or inaction amounted to a reckless

Civil No. 98-1837(SEC)                                                                                    10

or callous indifference to the constitutional rights of others;" and (3) that there was "an 'affirmative link' between the street level misconduct and the action or inaction of supervisory officials." Id. at 563. In addition, to establish the supervisor's personal involvement in the alleged violation, plaintiffs must show that (1) the defendant participated in the infraction; (2) the supervisory official learned of the infraction but failed to correct the situation; (3) the supervisor created a pattern or custom of unconstitutional practices; or (4) the supervisory official was grossly negligent in handling subordinates who caused the unlawful conduct. Rizzo v. Goode, 423 U.S. 362, 371 (1976).

Upon the Court's review of the Complaint, the Court finds that Plaintiffs did not comply with these pleading requirements in regards to Defendant Hiram Mercado-Zayas. Plaintiffs state only that because he was Chief of the stolen vehicles division, he is liable. That is a conclusory statement not supported by the factual allegations within the complaint itself. Therefore, Defendants motion to dismiss, **(Docket #20)**, is **GRANTED as against Co-defendant Hiram Mercado-Zayas** and the Court shall enter judgment accordingly.

**D.     Elements of a Conspiracy claim under 42 U.S.C.A. §§ 1983 and 1985**

42 U.S.C.A. § 1985 provides in the pertinent part, cited by plaintiffs, that:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly, or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws... [and] if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C.A. §1985(3).

The United States Supreme Court has stated that this section does not create an open-ended federal tort law applicable to "all tortious, conspiratorial interferences with the rights of others." Kush v. Rutledge, 460 U.S. 719, 725 (1983), quoting Griffin v. Breckenridge, 403 U.S. 88, 101 (1971). In fact, the Supreme Court has clearly stated that the applicability of above-cited clause of 42 U.S.C.A. § 1985(3) is exclusively limited to "the conspirators' actions [] motivated by an intent to deprive their victims of the equal protection of the laws." Id. The U.S. Supreme Court explained that:

> The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment rights secured by the law to all.

Kush v. Rutledge, 460 U.S. at 726, quoting Griffin v. Breckenridge, 403 U.S. at 102.

It is evident that the complaint, as examined above, does not include a cause of action pursuant to the Constitutional rights to equal protection of the laws and that no discriminatory animus is alleged by the Plaintiffs. Therefore, Defendants' motion to dismiss, **(Docket #20)**, is also **GRANTED** in regards to Plaintiffs' claims under 42 U.S.C.A. § 1985(3). Accordingly, Plaintiffs' complaint shall **DISMISSED as it pertains to their cause of action under 42 U.S.C.A. § 1985(3)**.[1]

In regards to Plaintiffs' conspiracy claims under 42 U.S.CA. § 1983, the Court notes the following. It is well settled law that to prevail under § 1983, a plaintiff has to prove that: "the conduct complained of was committed by a person acting under color of state law and... that [the]

---

[1]  See Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 34 (1ᵃ Cir. 1996) ("An actionable section 1985(3) claim must allege that (i) the alleged conspirators possessed some 'racial, or perhaps otherwise class-based, invidiously discriminatory animus.' The conspiracy allegation must identify an overt act.") (citations omitted); Méndez v. Belton, 739 F.2d 15, 19 (1ᵃ Cir. 1984) ("Under § 1985(3) , a plaintiff msut file a detailed factual pleading to survive a motion to dismiss.").

conduct deprived the plaintiff of rights, privileges and immunities secured by the Constitution."

Tauvar v. Bar Harbor Congregation of the Jehovah's Witnesses, 633 F.Supp. 741, 746-747 (D.M.

1986), citing Parratt v. Taylor 451 U.S. 527, 535 (1981) and Vontour v. Vitale, 761 F.2d 812, 819

(1st Cir. 1985); Oppenheimer-Méndez v. Acevedo, 388 F.Supp. 326, 335-336 (D.P.R. 1974); El

Mundo, Inc. v. Puerto Rico Newspaper Guild, 349 F.Supp. 106, 109 (D.P.R. 1972). It is also well-

established that private parties "may be held liable under Section 1983 where... the private parties

conspire with or are otherwise willful participants in joint activity with the state or its agents."

Tauvar, 633 F.Supp. at 747; El Mundo, 349 F.Supp. at 109.

        However, "[f]or purposes of satisfying the section 1983 requirement of action under

color of state law, the plaintiff must plead in some detail, through reference to material facts, the

relationship or nature of the cooperation between the state actors and the private individuals."

Tauvar, 633 F.Supp. at 747, citing McGillicudy v. Clements, 746 F.2d 76,77 (1st Cir. 1984).

Speculative pleadings "fall[] short of even a minimally adequate claim... 'Pleading conspiracy under

sections 1983 and 1985(3) requires at least a minimum factual support of the existence of a

conspiracy.'" Arroyo-Santiago v. García-Vicario, 187 F.3d 621, 1999 WL 551294, **3 (1st Cir.

(P.R.)) (unpublished opinion), quoting Francis-Sobel v. Univ. of Maine, 597 F.2d 15, 17 (1st Cir.

1979). In addition, the First Circuit Court of Appeals has stated that "it is appropriate to require that

the relationship or nature of cooperation between the state and a private individual be pled with some

detail. This is in line with our requirement that some factual basis supporting the existence of a

conspiracy must be pled when a conspiracy is alleged in a civil rights case." McGillicuddy v.

Clements, 746 F.2d 76, 77 (1st Cir. 1984), citing Francis-Sobel, 597 F.2d at 17.

In this case, the Court finds that Plaintiffs pleadings do not specify how the concerted action or plan was conceived or developed. However, Plaintiffs sufficiently specify how it was carried out. Plaintiffs indicate that somehow the Bank personnel contacted and requested aid from the Puerto Rico Police to collect a disputed debt. Plaintiffs specify that the Police and the Bank personnel took certain concerted actions and cooperated with each other in the investigation and arrest of Ms. Luz I. Caraballo. Names, dates, and places are provided in the complaint to satisfy the pleadings requirements. The Court finds those pleadings sufficient to state a claim for conspiracy under 42 U.S.C.A. § 1983. Therefore, Defendants' motion to dismiss, **(Docket #20)**, is **DENIED in regards to Plaintiffs' claims pursuant to 42 U.S.C.A. § 1983**.

### E.    Pendent Jurisdiction Claims

For the reasons stated above (See Subsection B, p. 10), the Court will retain jurisdiction over the pendent state claims. However, if Ms. Luz I. Romero's cause of action under 42 U.S.C.A. § 1983 should fail, the Court will dismiss the pendent state claims without prejudice. United Mine Worker v. Gibbs, 383 U.S. 715, 725 (1966); Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1175-1176 (1ˢᵗ Cir. 1995).

**SO ORDERED.**

In San Juan, Puerto Rico, this *31ˢᵗ* day of March, 2000.

SALVADOR E. CASELLAS
United States District Judge