# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUZ I. CARABALLO-CORDERO, et. al.  * | |
| *  | |
| Plaintiffs  * | |
| *  | |
| v.  * | Civil No. 98-1837 (SEC) |
| *  | |
| BANCO FINANCIERO DE P.R., et. al.  * | |
| *  | |
| Defendants  * | |
| *  | |



# Case Management Order

## The Court's Duty to Oversee Litigation

Under Rule 16 of the Federal Rules of Civil Procedure, as amended, the Court is required to schedule and plan the course of litigation in order to achieve a just, speedy, and inexpensive determination of the action. Justice delayed is justice denied. Delay devalues judgments, creates anxiety in litigants, and results in loss or deterioration of the evidence upon which rights are determined. Accumulated delay produces backlogs that waste court resources, needlessly increases lawyer fees, and creates confusion and conflict in the allocation of a judge's time.

The public expects and deserves prompt and affordable justice. Delay signals a failure of justice and subjects the court system to public criticism and a loss of confidence in its fairness and utility as public institution.  As the steward of public trust in our legal system, the court system is obliged to dispose of court business without delay.  To do less is to compromise justice.

## Counsel's Duty to Litigate Expediently

The Federal Rules of Civil Procedure also impose on counsel a corresponding duty to handle the case expediently, taking care to be meticulous in the research and preparation of all documents filed with the Court, since each attorney's signature serves as a warranty certificate of the document's quality and content.  To this end, all filings must be done to the best of the lawyers' knowledge, information, and belief, formed after reasonable inquiry.



## Case Management Milestones and Deadlines

For ease of use, this Case Management Order is organized according to the successive steps, or milestones, that occur throughout the life of the average lawsuit. The deadlines have been set taking into account the fact that this case has been assigned to the Court's standard track, pursuant to the "Amended Civil Justice Expense and Delay Reduction Plan for Implementation of the Civil Justice Reform Act of 1990 in the District of Puerto Rico." The Court has been lenient in the time allotted for completion of each milestone, in order to avoid later changes to the schedule.

Counsel are forewarned to consider now whether they have any serious objections to the deadlines or any of the case management requirements herein imposed, and to file such objections (as well as suggested revisions) with the Court no later than **November 3rd, 2000**. Otherwise, the Court will assume that the deadlines are agreeable to all parties. Unless by order of the Court, the provisions set herein are binding on the parties and on counsel to the parties.

I.  **Pleadings**
- All outstanding pleadings should be filed on or before **November 3rd, 2000.** Unless already filed, answers to the complaint shall be filed on or before this date. Such filing will not be deemed as a waiver of any previously filed motions. Also, claims against all "John Doe" defendants or any other improperly named defendants will be dismissed *sua sponte* by the Court after this date.
- Amendments will only be allowed according to the Federal Rules of Civil Procedure.

II. **Joint Case Management Memorandum**
    **Filing Requirement and Deadline**

In order to coordinate the discovery process and set the foundation for an amicable and efficient litigation, the parties must file a Joint Case Management Memorandum by **December 8, 2000**. To that end, counsel are instructed to meet **at least ten (10) days before the filing deadline** to discuss the case and all pretrial procedures, including each party's discovery requests and expectations. A courtesy copy of the memorandum must be sent to the undersigned's Chambers.

**Content**

Since the Joint Case Management Memorandum is designed to help both counsel and the Court learn more about the case at this early stage and delineate the discovery process, it must address the following issues:

- Each party's factual and legal contentions.
- Fact and expert witnesses for each party. When plaintiff announces expert witnesses, the plaintiff must provide a curriculum vitae and report containing a discussion of elements of cause and effect, diagnosis, and prognosis. The defendant is required to file similar documents if expert witnesses are to be used to rebut plaintiff's allegations.
- All documentary evidence each party has at this time to prove its contentions.
- All discovery each party wishes to conduct, including interrogatories, requests for admissions, requests for production, and dispositions.
- Whether or not the parties consent to proceed before a Magistrate Judge.
- Any other matter deemed appropriate by counsel.

III. **Case Management and Settlement Conference**

After receiving the Joint Case Management Memorandum and upon conclusion of the pleadings stage, the Court may set a conference to review the status of the case and explore settlement possibilities. The Court firmly believes that the extrajudicial resolution of disputes is a more efficient and effective way to end litigation. To that end, counsel are ordered to have their clients available by telephone for immediate consultation during this conference. If possible, counsel should also come with the authority to settle the case.

IV. **Discovery**

**Plan and Deadline**

Counsel for the parties shall file a written joint report outlining their proposed discovery plan on or before **November 10, 2000**. This report shall substantially conform to Federal Rules of Civil Procedure Appendix Form 35, Paragraph 3. All discovery must be completed on or before **March 1st, 2001.**

### Extensions

This deadline is firm and will not be extended without good cause shown to the Court, who is the only one authorized to grant such extensions. Any motion asking for such an extension should be signed by both parties and filed well in advance of the deadline expiration. It shall also contain the specific reasons why the Court should extend the deadline, as well as a date in which discovery will be over. It should be noted by counsel that *the parties will not be allowed to extend discovery on their own by merely agreeing to do so.*

### Scope

Rather than imposing an arbitrary limit to the number of questions to be included in an interrogatory, the Court advises litigants that it will impose such limitations on interrogatories and requests for admissions on a case-by-case basis, and only if moved by the opposing party on solid procedural grounds. Discovery by any method should be tailored to the scope and spirit of the rules and nothing else.

### Depositions

Counsel should refer to the attached document entitled "Guidelines for Discovery Depositions" that establishes the procedures to be followed in the taking of depositions.

### Motions Regarding Discovery Problems

If a disagreement among the parties results in the need to file discovery motions, no such motion will be reviewed unless it contains a statement by the movant, pursuant to Local Rule 311.11, that a good faith effort was made with opposing counsel to reach an agreement on the matters set forth in the motion.

## V.   Dispositive Motions

### Filing Deadline

Motions for summary judgment, shall be filed no later than **April 13, 2001.** Oppositions to the dispositive motions shall be filed within the term provided to that effect by the Rules of this Court.

### Effect of Filing

The filing of dispositive motions does not disrupt the pretrial procedures or suspend the deadlines set herein.

**Civil No. 98-1837 (SEC)**                                                                 5

**Guidelines Regarding Dispositive Motion Practice**

- Counsel must comply with the Court's guidelines for dispositive motion practice, as set forth in the Court's Standing Order on motions to dismiss and for summary judgment.

- If a given issue is mature for summary disposition, we expect the parties to file a motion under Rule 56 as soon as the issue ripens. However, the Court strongly advises counsel to be selective as to the scope -and indeed, the necessity- of presenting summary judgment motions. Dispositive motions as a whole are useful tools for managing certain kinds of issues and cases, but they should be used sparingly, and only after close perscrutation of the facts and the applicable law. Motions anchored on tenuous grounds should be avoided at all costs.

- Do not label a motion as one "to dismiss and/or summary judgment," when in reality the motion is either one to dismiss (on the pleadings and the law alone) OR one for summary judgment (supported by other documents besides the pleadings).

- Dispositive motions should not exceed twenty (20) pages in length. The Court will not consider motions which exceed that length unless the filing party requests prior leave from the Court, and then only for good cause shown.

- *In accordance with our Standing Order, counsel are advised that the Court may impose sanctions on attorneys who file frivolous dispositive motions.* (See Standing Order on Motions for Summary Judgment and Analogous Motions to Dismiss issued by the Court on January 24, 1996.)

VI.    **Pretrial Conference**

       **Setting**

       The Pretrial Conference in this case will be **SET for anytime after May 28, 2001** at the undersigned's Chambers. Parties should be ready to appear before the undersigned at any time after the above-captioned date, upon short notice.

       **Pretrial Order**

       *Filing Requirement*

       The parties will file a Pretrial Order which will be the product of their joint work. The Pretrial Order shall be filed on or before **May 21, 2001**. A courtesy copy must be concurrently filed at my Chambers. The Court wishes to stress that it considers this Order essential for fruitful settlement

efforts, as well as for its trial preparation. Therefore, no extensions will be given on the above stated deadline.

*Counsel's Meeting*

- Counsel are directed to meet **at least fifteen (15) days prior** to the date of the Pretrial Conference to discuss not only the contents of the Pretrial Order, but also the possibility of the extrajudicial determination of the action.

- If settlement cannot be reached, the parties will cover during their meeting the designation and marking of exhibits and depositions, as well as the proposed voir dire and jury instructions in the event that the matter is to be tried before a jury.

*Amendment*

The Pretrial Order may be modified only by the Court, in order to prevent manifest injustice.

*Contents*

The Pretrial Order must conform to the requirements set forth in Local Rule 314(3).

In addition to the requirements set forth in Local Rule 314(3), it must contain:

- Itemized Statement of Special Damages

Any party claiming special damages must include a statement detailing the reason and the amount claimed for each. Any party that disagrees with the proposed statement of special damages must specifically state the basis for its opposition. *Any special damages not detailed in the Joint Pretrial Order shall be deemed waived.*

- Settlement Discussions
    - Certification

    Counsel are expected to certify that "the possibility of settling this case was fully explored by all the parties in this suit." However, the inclusion of this statement must reflect that a true and honest effort was made to settle the case, and not be merely a pro forma assertion for the Court's benefit.

    - Further Settlement Negotiations

    Counsel are advised that the possibilities of settlement will be fully discussed at the Pretrial Conference, because the Court firmly believes that extrajudicial resolution of disputes is a more efficient and effective way to end litigation. To that end, counsel

<u>**Civil No. 98-1837 (SEC)**</u>                                                                                                7

are ordered to have their clients available by telephone for immediate consultation during the Conference. If possible, counsel should also come with the authority to settle the case.

*Motions in Limine*

All motions in limine must be filed **at least ten (10) days prior to the Pretrial Conference**. Any such motions filed after that date will be untimely and will not be considered by the Court.

VII. **Trial**

**Date**

If a trial date has not been set to the parties prior to the Pretrial Conference, the parties should expect trial to be set soon thereafter. At the time of the conference, the Court will determine whether this case should be placed on the Court's trial-ready calendar. This means that trial may be set on short notice any time thereafter, usually with at least two week's notice.

**Final Trial Preparation**

*Marking of Exhibits*

- At least **ten (10) working days** before the date scheduled for the trial, the parties will meet, after having requested the appropriate appointment, with the Courtroom Deputy Clerk assigned to the presiding judge to mark all evidence according to the designation used in the Pretrial Order. Objected documentary or real evidence will be marked as documents for identification.

- In this respect, the parties are forewarned that this process cannot be pro forma. If at trial the presiding judge becomes aware of the fact that the parties did not engage in a meaningful marking of exhibits' process in light of the Federal Rules of Evidence, appropriate sanctions will be taken against counsel. *See* Fed. R. Civ. P. 1 and 20 U.S.C. § 1927.

*Joint Proposed Voir Dire and Jury Instructions*

   *Filing Requirement*

      In cases that will be tried in front of a jury, the parties are required to file a joint set of proposed voir dire questions and jury instructions. Deadline for filing is set at **one week before the trial** is scheduled to start. A courtesy copy of the joint proposed voir

dire and jury instructions should be sent to the undersigned's chambers, accompanied by a diskette containing the complete text of both documents in a format compatible with the Court's own, WordPerfect 8.0.

*Counsel's Meeting*

**At least ten (10) days before trial**, the parties must meet to discuss the proposed voir dire and jury instructions, in order to reach agreement about as many questions and instructions as possible before the joint filing deadline. The Court strongly encourages parties to agree upon the instructions to be given to the jury, or at least to conciliate differences to the greatest degree possible, in order to minimize the possibility of confusing the jurors. In the event that the parties cannot reach an agreement as to every issue, they should append their own proposals to the joint filing. *These individual proposals must be limited to those few issues where there was no agreement.*

*Contents*

- The parties should submit their proposed voir dire questions to the jury and all suggested standard or general instructions, as well as any specific instructions, to be given to the jury. *However, there is no need to propose routine instructions, often referred to as boilerplate instructions.*

*Technical Words*

An alphabetized list of technical words, terms, and unusual names that could be used during the trial should be filed in triplicate **at least one week before the start of trial**. To the extent possible, all technical words and phrases should be listed in both Spanish and English. This request is for the benefit of Court personnel, specifically the court reporter and the court interpreter, in order to facilitate their jobs and assure their accuracy. When preparing the list of 'unusual' names, keep in mind that our regular court reporter does not speak any Spanish, so her idea of unusual may differ from that held by a Spanish-speaker.

**Consent to Trial Before a Magistrate Judge**

Due to the priority of my criminal case calendar and in order to give all parties as fair and rapid treatment as possible, the undersigned occasionally refers some pretrial matters to the three Magistrate

Judges serving this jurisdiction. Judges Justo Arenas, Jesús Castellanos, and Aida Delgado are all excellent and impartial fact finders who strive to give all parties and their counsel the attention and time they deserve. Because of the Magistrate Judges' familiarity with the cases and their undisputed abilities as case managers, adjudicators, and mediators, I strongly encourage all parties to consider consenting to having their cases tried either by bench or jury trial before a magistrate judge pursuant to 28 U.S.C. 633 and Local Rule 509. This option might be especially appealing to counsel who prefer more certainty in their trial settings.

### How Does It Work

By written stipulation, the parties to any civil action may elect to have a Magistrate Judge instead of the assigned Article III judge, conduct all proceedings in any civil case, including presiding over a jury or non-jury trial. A trial before a magistrate is governed by the same procedural and evidentiary rules as trial before a district judge, and a right of appeal is automatically preserved directly to the United States Court of Appeals under the same standards which govern appeals from district court judgments.

### Benefits of Consenting to Trial Before a Magistrate Judge

Parties often consent to resolution of their civil disputes by magistrate bench or jury trial because:

- magistrates have less crowded calendars and do not set multiple cases for trial on the same date (as many judges do), thus usually permitting parties to secure an earlier and firm trial date;
- jurisdiction extends to any civil matter within the jurisdiction of the federal courts;
- a formal trial is conducted under the Federal Rules of Civil Procedure; and
- a full right of appeal is retained.

Counsel should consider these benefits and discuss them with their clients before making a decision on whether to proceed before a Magistrate Judge.

### How to Consent

For your convenience, a consent form will be included with this Order. If you consent to having your case tried before one of our excellent Magistrate Judges, you need only file this consent form signed by counsel for all parties.

**Deadline**

Deadline for filing the completed consent form is set for **December 8, 2000**. This deadline coincides with the filing deadline for the Joint Case Management Memorandum to take advantage of the counsel's meeting required at that time. If counsel need further information about proceeding before a magistrate judge, they may contact any of the Magistrate Judges or the undersigned's Courtroom Deputy Clerk.

## Sanctions for Noncompliance

Counsel and all parties in the instant case are advised that the Court takes very seriously its obligations to deliver justice impartially and efficiently, and that noncompliance with any of its orders, including this Case Management Order, may result in the imposition of appropriate sanctions.

## Standing Orders

The following Standing Orders have been issued by the undersigned:

1. In the Matter of: Motions for Summary Judgment and Analogous Motions to Dismiss (January 24, 1006),
2. In the Matter of: RICO Claims (March 18, 1996),
3. In the Matter of: Code of Conduct (May 5, 1996).
4. In the Matter of: Conduct of Trial Before Judge S.E. Casellas (January 19, 1999).

These will not be provided to counsel as a matter of course. Counsel may obtain them on the Court's web site at <www.prd.uscourts.gov>, or at the Clerk's Office.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 28 day of September, 2000.

SALVADOR E. CASELLAS
United States District Judge

Civil No. 98-1837 (SEC)                                                                      11

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

LUZ I. CARABALLO-CORDERO, et. al.
    Plaintiffs

v.                                                      CIVIL NO. 98-1837(SEC)

BANCO FINANCIERO DE P.R., et. al.
    Defendants

# CASE MANAGEMENT ORDER
## Standard Track
### SUMMARY

| DEADLINE | MILESTONE |
|---|---|
| November 3rd, 2000 | Objections to deadlines |
| November 3rd, 2000 | Outstanding pleadings |
| November 10, 2000 | Filing of Discovery Plan |
| December 8, 2000 | Joint Case Management Memorandum due Completed consent form due (for cases to be tried by a Magistrate Judge) |
| To be set by the Court | Case Management and Settlement Conference |
| March 1st, 2001 | Conclusion of discovery |
| April 13, 2001 | Motions for Summary Judgment |
| May 21, 2001 | Pretrial Order |
| Anytime after May 28, 2001 | Pretrial and Settlement Conference |
| Anytime after the Pretrial and Settlement Conference* | Trial |

\* The case will be placed on the Court's trial-ready calendar, as explained in the Case Management Order.

Civil No. 98-1837 (SEC)                                                                                            12

# GUIDELINES FOR DISCOVERY DEPOSITIONS

(1)  At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition. The witness shall abide by these instructions.

(2)  All objections, except those which would be waived if not made at the deposition under Fed. R. Civ. P. 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion pursuant to Fed. R. Civ. P. 30(d), shall be preserved. Therefore, those objections need not, and shall not be made during the course of the deposition.

(3)  Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or limitation on evidence directed by the Court.

(4)  Counsel shall not make objections or statements which might suggest an answer to a witness. Counsel's statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more.

(5)  Counsel and their witness/clients shall not initiate or engage in private off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.

(6)  Any conferences which occur pursuant to, or in violation of, guideline (5) are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching, and if so, what.

(7)  Any conferences which occur pursuant to, or in violation of, guideline (5) shall be noted on the record by counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

(8)  Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them.

(9)  There shall be only one question at a time put to a witness. Counsel shall permit the witness to fully answer before propounding subsequent or follow-up questions. If the witness indicates that he or she does not understand the question, counsel shall simply rephrase the question. There is to be no characterization or comment by examining counsel as to any answer given by a witness. Should the answer reasonably appear to counsel to be unresponsive, counsel may so advise the witness and his or her counsel and have the

**Civil No. 98-1837 (SEC)** 13

        questions repeated by the stenographer from the record.

(10)   Examining counsel shall not engage in any argument with opposing counsel as to these issues, rather his objection shall be taken on the record and appropriate relief from this Court may be sought upon completion of the examination. Similarly, counsel for a witness shall not engage in any argument with examining counsel as to the objectionability of any question. Rather, he or she may note his or her objection and permit the witness to answer the question, subject to the objection.

(11)   If a witness or his or her counsel is unclear as to any question, he or she shall advise counsel and permit the examining counsel an opportunity to rephrase or withdraw the witness's question. Neither witness nor counsel shall make any comment or engage deposing counsel in any argument (other than grounds therefor) about the nature of the question or the witness's request for clarification.

(12)   Examining counsel shall at no time interrupt a witness while he or she is attempting to answer a question. Counsel shall await the witness's complete response to a question before advancing any follow-up questions or moving on to a new subject.

(13)   Examining counsel shall refrain from unnecessary on-the-record recitation or lengthy quotations from discovery materials or documents except as is necessary to put specific questions to the witness related to such materials or documents.